# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TOWNSENDS, INC.,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 10-14092 (　) |
| In re<br><br>TOWNSEND FARMS, INC.,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 10-14093 (　) |
| In re<br><br>TOWNSENDS OF ARKANSAS, INC.,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 10-14094 (　) |
| In re<br><br>TOWNSEND FARMS OF ARKANSAS, INC.,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 10-14095 (　) |
| In re<br><br>CRESTWOOD FARMS LLC,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 10-14096 (　) |

**DEBTORS' MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF <u>BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULE 1015-1</u>**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby move (the "Motion") for the entry of an order directing the joint administration of these cases for procedural purposes only, pursuant to section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In Support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicate for the relief requested herein is Section 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND

3. On December 19, 2010 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in these cases. The Debtors are operating their respective businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Declaration of George C. White in Support of First Day Motions (the "White Declaration") filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

5. By this Motion, the Debtors respectfully request the entry of an order directing joint administration of their related chapter 11 cases for procedural purposes only. Specifically, the Debtors request that (a) this Court maintain one file and one docket for all of the jointly-administered chapter 11 cases under the case number assigned to Debtor Townsends, Inc., and (b) the chapter 11 cases be administered under a consolidated caption.

6. By the Motion, the Debtors seek the entry of an order directing the joint administration of the above-captioned chapter 11 cases.

## BASIS FOR RELIEF

7. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

8. Further Local Rule 1015-1 provides as follows:

> [a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this court under title 11 is warranted and will ease the administrative burden for the court and the parties.

Del. Bankr. L.R. 1015-1.

9. Entry of an order directing joint administration of these cases will obviate the need for duplicative notices, motions, applications, and orders, thereby saving the Debtors considerable time and expense. It is the intention of the Debtors to consolidate their cases solely for the purpose of administration at this time. Accordingly, the rights of the creditors will not be

adversely affected as this Motion requests only administrative, and not substantive, consolidation of their estates. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Furthermore, supervision of the administrative aspects of these chapter 11 cases by the United States Trustee for the District of Delaware (the "U.S. Trustee") will be simplified.

10. The joint administration of multiple related cases is common in this district. *See, e.g., In re BT Tires Group Holding, LLC,* Case No. 09-11173 (CSS) (Bankr. D. Del. Apr. 3, 2009); *In re ACG Holdings, Inc.,* Case No. 08-11467 (CSS) (Bankr. D. Del. July 16, 2008); *In re Pierre Foods, Inc.*, Case No. 08-11480 (KG) (Bankr. D. Del. July 16, 2008); *In re Tropicana Entm't, LLC*, Case No. 08-10856 (KJC) (Bankr. D. Del. May 6, 2008); *In re Leiner Health Prods., Inc.*, Case No. 08-10446 (KJC) (Bankr. D. Del. Mar. 12, 2008); *In re Wickes Holdings, LLC*, Case No. 08-10212 (KJC) (Bankr. D. Del. Feb. 5, 2008); *In re Pope & Talbot, Inc.*, Case No. 07-11738 (CSS) (Bankr. D. Del. Nov. 21, 2007); *In re Hancock Fabrics, Inc.*, Case No. 07-10353 (BLS) (Bankr. D. Del. March 22, 2007).

11. The Debtors submit that the chapter 11 case of Townsends, Inc. should serve as the lead case because Townsends, Inc., either directly or indirectly, owns all the outstanding equity of debtors Townsend Farms, Inc., Townsends of Arkansas, Inc., Townsend Farms of Arkansas, Inc., and Crestwood Farms LLC. Accordingly, the Debtors respectfully request that the caption of their cases be modified to reflect the joint administration of these chapter 11 cases under the lead chapter 11 case of Townsends, Inc., as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TOWNSENDS, INC., *et al.*,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 10-14092 (   )<br><br>(Jointly Administered) |

\* \* \*

[1] The Debtors, followed by the last four digits of their respective taxpayer identification numbers, are as follows: Townsends, Inc. (0681); Townsend Farms, Inc. (5263); Townsends of Arkansas, Inc. (5644); Townsend Farms of Arkansas, Inc. (0027); and Crestwood Farms LLC (7388) c/o 22855 DuPont Boulevard, Georgetown, DE 19947.

12. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket of each of the Debtors' cases to reflect the joint administration of these cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Townsends, Inc., Townsend Farms, Inc., Townsends of Arkansas, Inc., Townsend Farms of Arkansas, Inc., and Crestwood Farms LLC. The docket in Case No. 10-14092 (   ) should be consulted for all matters affecting this case.

13. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## **NOTICE**

14. Notice of this Motion has been given to: (a) the U.S. Trustee; (b) those parties listed on the consolidated list of creditors holding the thirty largest unsecured claims against the Debtors, as identified in their chapter 11 petitions; and (c) counsel for the prepetition secured

lenders. In light of the relief requested herein, the Debtors submit that no further or other notice need be provided.

## **NO PRIOR REQUEST**

15. No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached as **Exhibit A**: (i) granting the relief requested herein and (ii) granting such other relief as is just and proper.

| | |
|---|---|
| December 19, 2010<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Ann C. Cordo (No. 4817)<br>Chad A. Fights (No. 5006)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Proposed Counsel for the Debtors and<br>Debtors-in-Possession* |

3955246.3

6