# EXHIBIT C

## Proposed Final Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| TOWNSENDS, INC., *et al.*,[1] | ) Case No. 10-14092 (___) |
| | ) |
| Debtors. | ) (Joint Administration Pending) |
| | ) |
| | ) **Re: D.I. __** |

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES ON ACCOUNT OF PRE-PETITION INVOICES, (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of the Interim Order and the Final Order, pursuant to sections 105(a) and 366 of the Bankruptcy Code, (i) determining that the Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (ii) approving the Proposed Adequate Assurance and the Adequate Assurance Procedures; (iii) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Proposed Adequate Assurance; (iv) determining that the Debtors are not required to provide any additional adequate assurance, beyond the Proposed Adequate Assurance; and (v) setting the Final Hearing; and upon the Declaration of George C. White in Support of First Day Motions; and due and sufficient notice of the Motion having been given;

---

[1]     The Debtors, followed by the last four digits of their respective taxpayer identification numbers, are as follows: Townsends, Inc. (0681); Townsend Farms, Inc. (5263); Townsends of Arkansas, Inc. (5644); Townsend Farms of Arkansas, Inc. (0027); and Crestwood Farms LLC (7388) c/o 22855 DuPont Boulevard, Georgetown, DE 19947.

[2]     Capitalized terms used, but not defined, herein shall have those meanings ascribed to them in the Motion.

and it appearing that no other or further notice need be provided; and upon the record herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

2.     <u>Payment of Post-Petition Date Utility Charges</u>.    The Debtors are authorized to and shall pay, in accordance with their pre-Petition Date practices, all post-Petition Date utility charges for all utility services rendered by the Utility Providers to the Debtors.

3.     <u>Pre-Petition Date Bonds and Security Deposits</u>.    Any bonds or security deposits that were in place prior to the Petition Date shall remain in place and shall continue to be held by those Utility Providers holding the same, except upon either (a) written agreement(s) between the Debtors and a Utility Provider without further order of the Court or (b) further order(s) of the Court.

4.     <u>Adequate Assurance of Future Payment</u>.    The Proposed Adequate Assurance is hereby approved and the Debtors are deemed to have furnished the Utility Providers with adequate assurance of payment under section 366 of the Bankruptcy Code for post-Petition Date utility services by depositing cash in an amount equal to the approximate aggregate cost of one half of one month of utility service from the Utility Providers calculated as a historical average for 2010 or $503,291.14 (the "<u>Adequate Assurance Deposits</u>") into the Utility Account within ten (10) business days after the date of entry of the Interim Order; provided, however, that, the Debtors, in their sole discretion and without further application to or order of the Court, may reduce the Utility Account upon termination of utility services from a

particular Utility Provider in an amount equal to the approximate cost of one half of one month of utility service from such Utility Provider.[3]  Upon the effective date of any plan of reorganization or liquidation of the Debtors, unless otherwise provided in such plan of reorganization or liquidation or other order of the Court, the Debtors, in their sole discretion and without further application to or order of the Court, may close the Utility Account and return all remaining funds to their operational and deposit accounts maintained in the ordinary course of business.

5.    Prohibition.  Absent further order of the Court, all Utility Providers are prohibited from (a) discontinuing, altering or refusing service to the Debtors on account of any prepetition amounts outstanding, (b) discriminating against the Debtors or (c) requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices, other than as provided in the Motion and this Order.

6.    Adequate Assurance Procedures.  The Adequate Assurance Procedures for determining requests for additional adequate assurance are approved as follows:

(a)    Absent compliance with the Adequate Assurance Procedures, the Utility Providers may not alter, refuse or discontinue service to or otherwise discriminate against the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges or request payment of a deposit or receipt of other security in connection with any unpaid prepetition charges.

(b)    The Debtors will serve copies of the Motion and the Interim Order via first-class mail, within three (3) business days after the date that the Interim Order is entered by the Court on all Utility Providers identified on the Utility Provider List.  In the event that any Utility Provider has been omitted from the Utility Provider List, the Debtors shall supplement this list and shall promptly serve

---

[3]    In the event that the Debtors have multiple utility services accounts with a particular Utility Provider, the Debtors' reduction of the Utility Deposit upon termination of utility services from a particular Utility Provider will be based on those utility services accounts actually terminated.

copies of the Motion and the Interim Order on such Utility Provider upon learning of such omission.

(c)     Any Utility Provider that believes it requires additional adequate assurance must serve a request (an "<u>Adequate Assurance Request</u>") so that it is received no later than five (5) days prior to the Final Hearing (the "<u>Request Deadline</u>") by proposed counsel for the Debtors at the following addresses:  Morris Nichols Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899-1347 (Attn: Chad A. Fights, Esq.).

(d)     Any Adequate Assurance Request must (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; (iv) set forth the basis for the Utility Provider's belief that the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; (v) include a proposal for what would constitute adequate assurance of future payment from the Debtors, along with an explanation of why such proposal is reasonable; and (vi) be received by the Request Deadline.  Any Adequate Assurance Request that fails to meet these requirements shall be deemed an invalid request for adequate assurance.

(e)     Upon the Debtors' receipt of any Adequate Assurance Request at the address set forth above, the Debtors shall have until two (2) days prior to the Final Hearing or such other date as the parties mutually agree (the "<u>Resolution Period</u>") to negotiate with a Utility Provider and advise the Utility Provider that the Adequate Assurance Request is acceptable or that they will contest the Adequate Assurance Request at the Final Hearing.

(f)     The Debtors may, in their discretion, resolve any Adequate Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable.

(g)     If the Debtors determine that the Adequate Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the adequacy of assurances of payment with respect to a particular

Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code will be determined at the Final Hearing.

(h)     Pending resolution of an Adequate Assurance Request at any such Final Hearing and entry of a final, non-appealable order thereon finding that the Utility Provider is not adequately assured of future payment, such Utility Provider shall be (i) prohibited from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance and (ii) deemed to have adequate assurance of payment.

(i)     Any Utility Provider that does not serve an Adequate Assurance Request by the Request Deadline shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Provider within the meaning of section 366(c)(2) of the Bankruptcy Code, and shall be further deemed to have waived any right to seek additional adequate assurance during the course of the Debtors' chapter 11 cases, except as provided in section 366(c)(3) of the Bankruptcy Code.

7.     <u>Modifications to the Utility Provider List</u>.  To the extent that the Debtors identify additional Utility Providers not included on the Utility Provider List, the Debtors will promptly (a) file a supplement to the Utility Provider List adding the name of the newly-identified Utility Providers and (b) serve copies of the Motion, the Interim Order and the Final Order on such Utility Providers.  This Order shall be binding on all Utility Providers, regardless of when such Utility Provider was added to the Utility Provider List, subject to any further order(s) of the Court.

8.     Any Utility Provider subsequently added to the Utility Provider List that believes it requires additional adequate assurance must (a) serve an Adequate Assurance Request so that it is received on or prior to the date that is thirty (30) days after the date of service of the Motion, the Interim Order, and the Final Order as proposed by counsel for the Debtors and (b) otherwise comply with the Adequate Assurance Procedures.

9. <u>Failure to Submit Adequate Assurance Request by Appropriate Deadline</u>. Any Utility Provider that fails to submit an Adequate Assurance Request pursuant to the Adequate Assurance Procedures and by the appropriate deadlines set forth above, shall be deemed to have received adequate assurance of future payment during the pendency of these chapter 11 cases, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of the Debtors' chapter 11 cases, except as provided in section 366(c) of the Bankruptcy Code.

10. <u>Service of Order</u>.  The Debtors will serve copies of the Final Order via first-class mail, within three (3) business days after the date that this Final Order is entered by the Court on all Utility Providers identified on the Utility Provider List.

11. <u>Burden of Proof</u>.  Nothing in this Final Order shall be deemed to affect any burden of proof that either the Debtor or any Utility Provider may have in a Determination Hearing.

12. <u>No Admission or Waiver</u>.  Nothing in the Motion or in this Final Order is intended or should be construed as (a) an admission as to the validity or priority of any claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any claim, including the validity or priority thereof, or (c) an approval or assumption of any agreement, contract or lease whether under section 365(a) of the Bankruptcy Code or otherwise.  Likewise, any payment made pursuant to the Interim Order or this Final Order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

13. <u>Authorization of Post-Petition Date Payments</u>. This Final Order shall constitute valid authorization for the post-Petition Date payments to be made to the Utility Providers pursuant to section 549(a) of the Bankruptcy Code.

14. The Debtors are authorized to take all actions necessary to implement this Final Order.

15. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Final Order.

16. Notwithstanding anything to the contrary in this Order, the Debtors are authorized to make the payments contemplated hereby only to the extent set forth in the budget provided to their lenders in connection with the Debtors' postpetition financing facility.

Dated: _____, 2010
      Wilmington, Delaware

_____
THE HONORABLE _____
UNITED STATES BANKRUPTCY JUDGE

3955197.4