## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| TOWNSENDS, INC., *et al.*,[1] | ) Case No. 10-14092 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Re: D.I. 81** |

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AUTHORIZING AND APPROVING (I) RETENTION AND EMPLOYMENT OF HURON CONSULTING GROUP *NUNC PRO TUNC* TO THE PETITION DATE, AND (II) DEBTORS' EMPLOYMENT OF DALTON T. EDGECOMB AS CHIEF RESTRUCTURING OFFICER

Upon the Motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) (i) authorizing the employment of Huron Consulting Group and (ii) designating Dalton T. Edgecomb as Chief Restructuring Officer to the Debtors *nunc pro tunc* to the Petition Date; and upon the White Declaration; and upon the Edgecomb Declaration, which is annexed to the Motion as **Exhibit A**; and the Court being satisfied that Huron represents no interest adverse to the Debtors' estates, that Huron is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and that the employment of Huron is necessary and in the best interests of the Debtors and their estates; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §157(b)(2)(A); and due and sufficient notice of the Motion having been given; and it

---

[1] The Debtors, followed by the last four digits of their respective taxpayer identification numbers, are as follows: Townsends, Inc. (0681); Townsend Farms, Inc. (5263); Townsends of Arkansas, Inc. (5644); Townsend Farms of Arkansas, Inc. (0027); and Crestwood Farms LLC (7388) c/o 22855 DuPont Boulevard, Georgetown, DE 19947.

[2] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Motion.

appearing that no other or further notice need be provided; and this Court having determined that the relief requested in the Motion is just and proper; and it appearing that the relief requested by the Motion is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor:

1.      The Motion is GRANTED as modified herein.

2.      The Debtors are authorized to engage Huron on the terms described in the Motion, subject to the following terms, which apply notwithstanding anything in the Motion or any exhibits related thereto to the contrary:

      i.      Huron and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

      ii.      In the event the Debtors seek to have Huron personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

      iii.      Huron shall file with the Court with copies to the United States Trustee ("U.S. Trustee") and all official committees a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

      iv.      No principal, employee or independent contractor of Huron and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

v.         Huron shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. All compensation shall be subject to review by the Court in the event an objection is filed.

vi.         Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

vii.         The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.

viii.         There shall be no other indemnification of Huron or its affiliates.

ix.         For a period of three years after the conclusion of the engagement, neither Huron nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

x.         Huron shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

3.     Notwithstanding the possible application of the Bankruptcy Rules including Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: ___1/21___, 2011
　　　　Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE